**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 31, 2015

Michelle McNeill
4425 23rd Parkway,
Apartment 101
Temple Hills, Maryland 20748

Jay C. Hinsley, Esq.
Social Security Administration
Altmeyer Building
6401 Security Blvd Rm 617
Baltimore, MD 21235

RE: *Michelle McNeill v. Commissioner, Social Security Administration*;
Civil No. SAG-14-2307

Dear Ms. McNeill and Counsel:

On July 18, 2014, Plaintiff Michelle McNeill petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the Commissioner's Motion for Summary Judgment. (ECF No. 21). Ms. McNeill, who appears *pro se*, has not filed a response.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. McNeill filed a claim for Disability Insurance Benefits ("DIB") on February 17, 2012. (Tr. 176-79). She alleged a disability onset date of September 23, 2011. (Tr. 176). Her claim was denied initially and on reconsideration. (Tr. 85-107). A hearing was held on June 10, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 63-84). Following the hearing, the ALJ determined that Ms. McNeill was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 47-62). The Appeals Council denied Ms. McNeill's request for review, (Tr. 4-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

---

[1] On June 12, 2015, a Rule 12/56 letter was sent to Ms. McNeill advising her of her right to file a response to the Commissioner's motion within seventeen (17) days from the date of the letter. (ECF No. 22).

*Michelle McNeill v. Commissioner, Social Security Administration*
Civil No. SAG-14-2307
August 31, 2015
Page 2

The ALJ found that Ms. McNeill suffered from the severe impairments of epilepsy and obesity. (Tr. 52). Despite these impairments, the ALJ determined that Ms. McNeill retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b), with the following limitations: only simple instructions, no complex tasks, no climbing of ladders, ropes, and scaffolds; Further, the claimant is limited to environments without exposure to workplace hazards, including heavy machinery and unprotected heights. Finally, the claimant will be off-task for approximately 5% of each eight-hour workday due to concentration and focus difficulties associated with the claimant's impairment and side effects of her prescription medications[.]

(Tr. 53). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. McNeill could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 57-58).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. McNeill's favor at step one and determined that she has not engaged in substantial gainful activity since her alleged onset date. (Tr. 52); *see* 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Ms. McNeill claimed prevented her from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). The ALJ concluded that Ms. McNeill had severe impairments of epilepsy and obesity, thus satisfying the step two threshold. After finding at least one severe impairment, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Ms. McNeill's ability to work, including her complaints regarding the side effects of her medications. *See* 20 C.F.R. § 404.1545(a)(2). Accordingly, I find no basis for remand.

At step three, the ALJ determined that Ms. McNeill's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 52-53). An ALJ is required to discuss listed impairments and compare them individually to listing criteria only when there is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999). Pertinent to Ms. McNeill's impairments, the ALJ considered the specific requirements of Listings 11.02 and 11.03, regarding convulsive and non-convulsive seizure disorders, respectively. The ALJ determined that the frequency of Ms. McNeill's

*Michelle McNeill v. Commissioner, Social Security Administration*
Civil No. SAG-14-2307
August 31, 2015
Page 3

seizures did not meet the requirements of these Listings. The ALJ also noted that Ms. McNeill's seizures became less frequent, and were better-controlled with medication, as time went on. (Tr. 52-53). Although the ALJ did not discuss Ms. McNeill's obesity at step three, I find this to be harmless error. There is no listing for obesity and no indication in the record that Ms. McNeill's obesity would medically equal any other listing. Furthermore, the ALJ provided a detailed discussion of the effects of obesity on Ms. McNeill's RFC elsewhere in the decision. Accordingly, I have carefully reviewed the record, and I agree that no listings are met.

In considering Ms. McNeill's RFC, the ALJ first summarized Ms. McNeill's subjective complaints, which included "that she was unable to drive, cook, or walk or shower alone due to the possibility of having a seizure." (Tr. 53). Ms. McNeill also alleged that she needed assistance around-the-clock. *Id.* The ALJ then reviewed the medical records, which documented the treatment Ms. McNeill received for her impairments. (Tr. 53-54). In addition, the ALJ specifically considered the effects of Ms. McNeill's obesity on her ability to perform work-related activities, pursuant to SSR 02-1p. (Tr. 56). After assessing the medical evidence, the ALJ stated that he found Ms. McNeill to be credible based on her extensive work history and her well-documented medical condition. Nevertheless, he found that the medical evidence did not demonstrate a level of impairment consistent with a finding of disability. *Id.* Finally, the ALJ considered all of the opinion evidence in the record, including two assessments completed by Ms. McNeill's neurologist, one on October 19, 2011 and one undated, and the opinions of the State agency medical consultants. (Tr. 55-56) (citing Tr. 85-92, 94-106, 413, 478-79, 597-98). The ALJ determined that the record supported limitations from the October 19, 2011, assessment addressing the risks posed to Ms. McNeill and her clients as a result of her epilepsy, however, he felt that the record did not support limitations in lifting and carrying to the extent opined by the neurologist in his undated assessment. Rather, the ALJ found that a limitation to the light exertional level was better supported by the medical evidence. The ALJ assigned less weight to the State agency medical consultants because they did not include any restriction in Ms. McNeill's ability to lift or carry. *Id.*

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. McNeill's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

At step four of the sequential evaluation, the ALJ determined that, pursuant to her RFC assessment, Ms. McNeill was unable to perform her past relevant work as a certified nursing assistant. (Tr. 56-57). Accordingly, the ALJ proceeded to step five, where he considered the impact of Ms. McNeill's age and level of education on her ability to adjust to new work. (Tr. 57-58). Relying on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 § 202.18, the ALJ correctly found that a younger individual with a limited education, the ability to communicate in English, and a light RFC, is not disabled *per se*. (Tr. 57). Since Ms.

*Michelle McNeill v. Commissioner, Social Security Administration*
Civil No. SAG-14-2307
August 31, 2015
Page 4

McNeill's RFC assessment contained additional limitations that impeded her ability to perform all or substantially all of the requirements of light work, however, the ALJ asked the VE whether jobs existed in the national economy that were suited to Ms. McNeill's particular assessment. (Tr. 79-80). The VE testified that a person with Ms. McNeill's RFC would be capable of performing the jobs of pre-assembler of printed circuit boards, mail clerk, and office helper. *Id.* Based on the VE's testimony, the ALJ concluded that Ms. McNeill is capable of successfully adjusting to other work that exists in significant numbers in the national economy. (Tr. 57-58). I find that the ALJ's determination was supported by substantial evidence.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 21) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge